Anna Y. Park, SBN 164242
Lorena Garcia, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1108
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Robert D. Vogel (SBN 063091)

JACKSON LEWIS LLP

725 South Figueroa Street, Suite 2500

Los Angeles, California 90017-5408

Telephone: (213) 689-0404

Facsimile: (213) 689-0430

Attorneys for Defendant
MACY'S WEST, a division of
Macy's Department Stores, Inc.

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>MACY'S WEST, a division of Macy's Department Stores, Inc.,<br><br>        Defendant. | Case No.:  **2:08-cv-03343-FMC-AJWx**<br><br>CONSENT DECREE AND [~~PROPOSED~~] ORDER |

-1-

# I.

## INTRODUCTION

1.    Plaintiff U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or the "Commission") and Defendant Macy's West, a division of Macy's Department Stores, Inc. (hereafter "Macy's") (collectively "parties") hereby stipulate and agree to the entry of this Consent Decree subject to final approval of the court to resolve certain charges of discrimination filed with the EEOC under Title I of the Americans with Disabilities Act of 1990 ("ADA") alleging unlawful employment practices on the basis of disability and to provide relief to Charging Party Donna Castile (hereinafter "Castile") and additional claimant Marilyn Hall ("Hall") who assert they were adversely affected by such practices arising out of Charge No. 340-2004-02533 filed by Charles Hardy ("Hardy) with the EEOC on July 23, 2004 and Charge No. 340-2005-01280 filed by Castile with the EEOC on February 10, 2005.

2.    This Consent Decree ("Decree") represents a compromise of disputed claims the parties recognize would require protracted and costly litigation to determine. Macy's denies it has engaged in any unlawful conduct as alleged in the charges and its entry into this Decree is not and may not be used by any person or entity in any proceeding as an admission or evidence that Macy's has on any occasion engaged in any unlawful conduct as alleged in the charge.

3.    This Decree constitutes the entire agreement among the parties and supersedes all prior agreements, written or oral, between the EEOC and Macy's. In the event any provision or term of this Decree is determined to be or is rendered invalid or unenforceable, all other provisions and terms of this Decree shall remain unaffected to the extent permitted by law.

4.    Without admitting the claims or defenses of each other, the parties have now agreed that, in order to avoid uncertain, protracted and costly litigation,

this controversy should be resolved through entry of this Decree. As indicated by the signature of counsel and the parties at the end of this document, the parties have entered into this Decree and consented to the entry of this document as a final Consent Decree.

5.     The court shall have continuing jurisdiction to enforce the specific provisions of this Decree and supervise the administration and distribution of the settlement sums if necessary.

## II.
## MODIFICATION AND SEVERABILITY

6.     This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties and with the approval of the court. If the proposed Decree is not approved by the court, the parties shall make reasonable good faith efforts to modify the Decree so as to gain the court's approval. This good faith effort in no way requires Macy's to increase its overall monetary or other economic obligations set forth in the Decree. If the parties are unable to modify the settlement so as to gain the court's approval, the EEOC may proceed as if there had been no settlement.

7.     If one or more provisions of the Decree are rendered unlawful or unenforceable during the term of the Decree, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

8.     Consistent with paragraph 7 above, by mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## III.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

9.     The parties to this Decree are the EEOC and Macy's.  This Decree shall be binding on and enforceable against Macy's and its officers, directors, agents, successors and assigns during its duration.

10.     The parties have entered into this Decree for the following purposes:

a.     To provide monetary and injunctive relief;

b.     To ensure that Macy's employment practices comport with federal law;

c.     To ensure training for certain specified Macy's managers and employees with respect to their obligations under the ADA is provided with an emphasis on reasonable accommodation specific to hearing impaired employees and deaf culture;

d.     To ensure Macy's provides a reasonable accommodation, which may include a certified ASL (American Sign Language) Interpreter or video remote interpreting, for hearing impaired employees who are disabled within the meaning of the ADA at all employee counseling or disciplinary meetings, semi-annual and annual work performance evaluations and appraisals, staff, group or departmental meetings, store-wide meetings and/or at initial and later special training in the performance of the employee's duties and responsibilities;

e.     To continue to ensure no one is subject to retaliation;

f.     To review and update Macy's procedures for handling certain specified requests for accommodation in the workplace; and

g.     To avoid the time, expense, and uncertainty of further litigation.

11.     The provisions of this Decree are effective upon final approval of the Decree by the court and shall remain in effect for two (2) years from the final approval date.  During this period, the court shall have continuing jurisdiction to remedy any violations of the Decree and to grant reasonable costs and attorneys' fees to the prevailing party in any such proceedings.

12.     This Decree resolves all claims the EEOC has brought or could have brought against Macy's arising out of Charge No. 340-2004-02533 filed by Hardy on July 23, 2004 and 340-2005-01280 filed by Castile with the EEOC on February 10, 2005.  Hardy and Macy's have previously entered into a separate settlement. As such, the EEOC is not seeking any monetary or injunctive relief on behalf of Hardy in this Decree.

13.     This Decree fully and completely resolves all issues, claims and allegations by the EEOC against Macy's related to the charges referenced in paragraph 12 above that were raised in or resulted from the investigation of the charges (hereafter "charges").

14.     This Decree in no way effects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Macy's in accordance with standard EEOC procedures.

15.     Nothing in this Decree shall be construed to limit or reduce Macy's obligation to comply fully with the ADA or any other federal employment statute.

## IV.

## JURISDICTION

16.     The court has jurisdiction over the parties and the subject matter of this Decree and, in the absence of the entry of the Decree, the EEOC would assert those claims which are the subject of the Decree in a complaint filed with this court.  The complaint would assert claims that, if proven, would afford the court jurisdiction to grant the equitable relief set forth in this Decree.

17.    The parties agree the terms and provisions of this Decree are fair, reasonable and just.

18.    This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

## V.

## COMPLIANCE AND DISPUTE RESOLUTION

19.    The parties expressly agree that if the EEOC has reason to believe that Macy's has breached any provision of this Decree, the EEOC may bring an action before this court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Macy's and its legal counsel of record, in writing, of the nature of the alleged breach.  This notice shall specify the particular provision(s) of the Decree the EEOC believes Macy's has breached.  Absent a showing by either party that such a delay will cause irreparable harm, Macy's shall have forty five (45) days from its receipt of such notice to attempt to resolve or cure the breach, however, the parties can agree to extend this period upon mutual written consent.

20.    The parties agree to cooperate with each other and use their best efforts to resolve any alleged breach referenced in the EEOC notice.

21.    If after the forty five (45) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this court for resolution of the alleged breach seeking appropriate relief to remedy the alleged breach in the court's discretion.

## VI.

## MONETARY AND VICTIM SPECIFIC RELIEF

A.    Monetary Relief

22.    Macy's shall pay a total of $80,000.00 to compensate Charging Party Donna Castile ("Castile") and class member Marilyn Hall ("Hall").  Of the total paid by Macy's, $75,000 shall be distributed to Castile and Hall at the sole

discretion of the EEOC.  The EEOC shall forward to Macy's the address and amount(s) to be paid and distributed to Castile and Hall.  Within two (2) weeks of its receipt of this information from the EEOC, Macy's shall forward checks to Castile and Hall consistent with such information. Simultaneously, copies of the checks shall be submitted to the EEOC c/o the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA. 90012.   These amounts shall be designated as compensatory damages.

23.    For each claimant who receives monetary relief under this Decree, Macy's shall prepare and distribute a 1099 tax reporting form and shall make appropriate reports to the Internal Revenue Service and other tax authorities for the amounts designated as compensatory damages.

24.    $5,000.00 of the $80,000.00 will be donated by Macy's to a non-profit organization of its choosing involved with the hearing impaired community.  The non-profit organization shall be notified by the EEOC that Macy's donation is being made consistent with this Decree.  Macy's shall notify the EEOC within ten (10) days from the effective date of this Decree as to the identity of the non-profit organization who will receive this donation.  The EEOC shall disperse Macy's donation with a letter to the non-profit organization consistent with this paragraph within ten (10) days of receiving Macy's donation.

Should any monetary relief not be claimed by Castile and/or Hall, any residual shall be donated by Macy's to the same non-profit organization  referenced above in this paragraph.

B.    <u>Reinstatement</u>

25.    Macy's agrees to reinstate Castile to active employment as of    April 21, 2008 to a part-time position on the sign team which guarantees at least 20 hours of work a week with all, if any, appropriate benefits associated with that

position, including, but not limited to, health benefits, at its Baldwin Hills store at a starting hourly rate of pay of $8.15.  Castile will be entitled to all the benefits of any other employee who holds the same position including, but not limited to, any increases in compensation if she meets the qualifications.

26.    In addition to the foregoing, Castile shall have priority for the next non-lead full time open position on the sign team or as a fitting room checker, price changer, receiving clerk or merchandiser at Macy's Baldwin Hills store for as long as she remains actively employed by Macy's or she declines such an offer, whichever occurs first.  Should Macy's offer Castile such a position, Macy's shall notify both Castile and the EEOC in writing of the offer. Within ten (10) days of her receipt of the offer, Castile and/or the EEOC on her behalf shall notify Macy's in writing whether she wishes to accept the offered position. If Castile or the EEOC on her behalf fail to notify Macy's in writing within that time period that Castile accepts the position, Castile forfeits her priority for any later such position. Castile will remain eligible for any other positions consistent with Macy's practices, policies and procedures.

27.    Macy's will designate the Human Resources Manager at the store(s) where she is actively employed for Castile to contact to request reasonable accommodations.  Castile may request a reasonable accommodation in writing and/or verbally. If she makes a non-written request for an accommodation, Macy's will document the request in writing and have Castile sign it with an interpreter present to explain the accommodation to Castile.  Macy's agrees to maintain records of all of Castile's reasonable accommodation inquiries, whether initiated by request of Castile or at the instigation of Macy's, tracked by the date the accommodation inquiry first came to Macy's attention, the identity of the person(s) who explored possible reasonable accommodations, all accommodations suggested by Castile, all accommodations considered by Macy's, reasons any possible

reasonable accommodation was rejected and/or adopted, if any, and the dates of each such interaction.

28.    Macy's further agrees to provide reasonable accommodations to Castile including, but not limited to, TTY, video conference or a certified ASL (American Sign Language) interpreter for all employee counseling or discipline meetings, store-wide meetings scheduled at least two (2) full calendar days prior to being conducted, formal training, semi-annual and annual work performance evaluations and appraisals and any other reasonable accommodation that may be required consistent with the ADA.

29.    Macy's agrees Hall's employment records shall reflect a voluntary separation from employment and she is eligible for reemployment with Macy's in the future.

## VII.

## GENERAL INJUNCTIVE RELIEF

A.    Non-Discrimination

30.    Macy's, its officers, authorized agents, managers, supervisory employees, lead employees or team leaders, successors, assigns and all persons in active concert or participation with them are enjoined for the duration of the Decree from discriminating against any individual based upon a hearing-impaired disability or failing to reasonably accommodate an individual with a hearing-impaired disability within the meaning of the ADA as defined in paragraph 32(h) of this Decree.

B.    Retaliation

31.    Macy's, its officers, authorized agents, managers, supervisory employees, lead employees or team leaders, successors, assigns and all persons in active concert or participation with them hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any

former or current employee of Macy's, or either of them, or applicant of Macy's because he/she has in the past or during the term of this Decree at any of its Southern California stores for the first year and Los Angeles County stores for the second year of this Decree: (a) opposed any practice made unlawful under the ADA; (b) filed a charge of discrimination with the EEOC alleging a violation of the ADA; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Macy's) or proceeding in connection with such a charge, this Decree and/or relating to any claim or charge alleging an ADA violation; (d) was identified as a possible witness or claimant in such a matter; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

C.    Adoption And/Or Revision of Macy's West Policies Concerning Disability Discrimination and Retaliation

32.    Macy's shall immediately review and, if necessary to comply with this Decree, revise its existing policies at least as they pertain to its California stores on disability discrimination and retaliation and provide a copy of such policies to the EEOC within thirty (30) days after the effective date of this Decree. The policies shall include:

a.    A clear statement explaining the prohibited conduct;

b.    Assurance that employees who complain about disability discrimination/retaliation or provide information related to such complaints will be protected against retaliation for making such complaints;

c.    A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons internal to Macy's (i.e. human resources) and external to Macy's (i.e. EEOC) available to handle complaints to whom employees may report disability discrimination and/or

retaliation including a written statement the employee may report the discriminatory/retaliatory behavior to designated persons outside their chain of management;

d.    Assurance that Macy's will protect the confidentiality of discrimination and retaliation complaints, and accommodation requests to the extent possible;

e.    A complaint process that provides a prompt, thorough and impartial investigation;

f.    A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation and any remedial action taken; and

g.    Assurance that Macy's will take immediate and appropriate corrective action if and when it determines that discrimination and/or retaliation has occurred.

h.    Assurance that Macy's will provide a reasonable accommodation, if necessary, and required under the ADA for all hearing impaired applicants for employment and employees who are disabled within the meaning of the ADA at all Macy's stores in Southern California (defined collectively as Ventura, Los Angeles, Orange, San Bernardino and Riverside Counties) as required under the ADA.   At the store Castile is reinstated to consistent with paragraph 25 of the Decree, Macy's will additionally provide Castile during this Decree a certified ASL (American Sign Language) interpreter ("interpreter")   for all employee counseling or discipline meetings, store-wide meetings scheduled at least two (2) full calendar days prior to being conducted, semi-annual and annual work performance evaluations and appraisals and/or at initial and later special training in the performance of the employee's duties and responsibilities.  In the event this is not reasonable under the circumstances or would result in an undue

hardship consistent with the ADA, Macy's will, within a 14 calendar days thereafter, provide such information individually to the impacted employee through either an interpreter or video remote interpreting.

33.    Before such policies are distributed, the EEOC shall submit its written comments, if any, about them to Macy's within thirty (30) days of its receipt of the policies which Macy's shall reasonably and in good faith review, consider and comment upon in determining whether to make any revisions to such policies. Should the policies not require any revision, Macy's shall confirm distribution of the policies to the EEOC no later than sixty (60) days after this thirty (30) day period lapses and shall distribute such policies to all of its officers and managers, supervisory employees, human resources employees and hourly group lead employees then actively at work at any of its California stores and such policies shall be included later in any pertinent written policies or employee manuals or handbooks periodically distributed by Macy's to employees working in any of its California  stores during the term of this Decree.  The policies shall be distributed to all Macy's employees actively working and/or who later return to active employment and are hired to work in a California store during the term of this Decree.

34.    Throughout the term of this Decree, Macy's shall also post a poster in a place that is conspicuous and accessible to all employees at all of its Southern California stores in a legible font that is a minimum of 15 points in size solely dedicated to disabled employees which will include, but not be limited to, an 800 phone number that such employees may call if they wish to complain about disability discrimination and/or retaliation.

D.    Training

35.    After the effective date of this Decree, all of Macy's managers, supervisory employees, human resources employees and hourly group lead

employees actively working at any of its Southern California stores shall be required to attend a live training program of at least one (1) hour in duration during the first year of this Decree.  Any impacted employee who fails to attend such training shall receive training individually within thirty (30) days thereafter.  All such employees later hired, promoted or who return to active employment from leave to such a position in a Southern California store during the first year of this Decree shall receive the same training within ninety (90) days of his/her hire, promotion or return from leave for the first year of this Decree.

36.    During the second year of this Decree, all of Macy's managers, supervisory employees, human resources employees and hourly group lead employees actively working at any of its Los Angeles County stores shall be required to participate in a similar training program which, will include a live question and answer training component which may be "same time" or a comparable electronic interactive system.  At the conclusion of such training, participants will be given contact information and avenues for obtaining additional information and asking questions.  Any such employee who fails to participate in such training shall receive such training individually within thirty (30) days thereafter.  All such employees later hired, promoted or who return to active employment from leave to such a position in a Los Angeles County store during the second year of this Decree shall receive the same training within ninety (90) days of his/her hire, promotion or return from leave for the second year of this Decree.

37.    At a minimum, this disability non-discrimination and retaliation training program shall include the following:

a.    Instruction on the requirements of the ADA including reasonable accommodation requests and responsibilities;

b.   A review of Macy's disability non-discrimination, non-retaliation and reasonable accommodation policies;

c.   Dealing with disability discrimination and retaliation complaints and reasonable accommodation requests; and

d.   Addressing how to recognize requests for accommodation under the ADA, how to engage in the interactive process and how to go about accommodating individuals with a disability.

38.   All such employees shall verify their attendance at such training in writing.

39.   Within ninety (90) days after the effective date of this Decree, Macy's shall provide training on the ADA and Macy's ADA policies and complaint procedures to all of its known hearing-impaired staff and non-managerial employees working at any of its Southern California stores during which a certified ASL Interpreter will be present or video remote interpreting will be provided.  This training shall also occur in Los Angeles County stores during the second year of the Decree where a certified ASL interpreter will be present or video remote interpreting will be provided.  At the conclusion of such training, participants will be given contact information and sources for obtaining additional information and asking questions.  Any impacted employee who fails to participate in such training shall receive such training individually within thirty (30) days thereafter.  At a minimum, this training shall include the following:

a.   Instruction on the requirements of the ADA including reasonable accommodation requests and responsibilities and

b.   A review of Macy's disability non-discrimination, non-retaliation and reasonable accommodation policies.

40.   Within thirty (30) days after the effective date of this Decree, Macy's shall submit to the EEOC a description of all of the above training to be provided

and an outline of the curriculum developed for the trainees.  Before such training materials are later utilized by Macy's for training, the EEOC shall submit its written comments, if any, about them to Macy's within thirty (30) days of its receipt which Macy's shall reasonably and in good faith review, consider and comment upon in determining whether to make any revisions to such training materials.  Should the training materials not require any revision, Macy's shall commence such training no later than thirty (30) days after this thirty (30) day period lapses.  Macy's shall give the EEOC a minimum of five (5) business days' advance written notice of the date, time and location of each training program to be provided pursuant to this Decree and agrees that an EEOC representative may attend the training program.  Where practicable, the EEOC shall inform Macy's prior to attending the training.

41.     Macy's shall take reasonable measures designed to hold its managers, supervisory employees, lead employees or team leaders, and human resources employees accountable for complying with its disability non-discrimination and non-retaliation policies and procedures.

E.     Complaint Procedures

42.     Within thirty (30) days of the effective date of this Decree, Macy's shall review its existing internal complaint response procedure presently in effect in California and, if necessary, revise or develop the internal complaint procedure which will provide for the filing, investigation and, if appropriate, remedying of complaints of disability discrimination or retaliation.  Macy's complaint procedure and the identification of persons to whom complaints of disability discrimination or retaliation shall be made will be included in the training conducted by Macy's described above.

43.     Additionally, Macy's shall, for the term of this Decree,

a.  Publicize the complaint procedure as described above and consistent with its present policies;

b.  Divisionally track and collect all disability discrimination and retaliation complaints filed thereunder;

c.  Investigate and resolve such complaints in a timely and effective manner;

d.  Retain records regarding resolution of all such complaints; and

44.  The internal complaint procedure shall incorporate the following elements:

a.  A policy describing how investigations will be conducted;

b.  A prompt commencement and thorough investigation by a person trained to conduct such investigations who is not connected with the complaint;

c.  A statement the investigation should include interviews of all relevant witnesses, including the complainant, and review of all relevant documents;

d.  A written record of all investigatory steps and any findings, conclusions and actions taken;

e.  Provision for the reasonably prompt resolution of such complaints;

f.  An opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

g.  Confidentiality of the complaint and investigation to the extent possible;

h.     Appropriate communication of the final conclusions of the investigation provided to the complainant;

i.     An appeal procedure to an appropriate designated Macy's representative should the complainant be dissatisfied with the results of the investigation; and

j.     A notice stating employees or applicants complaining of disability discrimination or retaliation may use Macy's internal complaint procedure and/or file charges with the EEOC or California's Department of Fair Employment and Housing ("DFEH").  The notice shall also state that filing an internal complaint does not relieve the complainant of meeting any applicable deadlines for the filing of a charge or complaint with the EEOC or California's DFEH.

45.    Macy's may encourage resolution of such internal complaints at a local level prior to investigation but not require such informal resolution.  A complainant shall not be required to first report the complaint to a person who is accused of the inappropriate conduct to invoke the internal complaint procedure.

46.    The internal complaint procedure will permit, but not require, an employee to initiate the complaint process by submitting a written complaint on a form designed for the purpose.

47.    Macy's will maintain a policy of non-discrimination of hearing-impaired disabled employees or applicants for employment and equal treatment including a policy of zero tolerance for unlawful disability discrimination and retaliation in all of its employment practices.

48.    The internal complaint procedure is not intended to supplant the right of any employee to file a charge or complaint of disability discrimination or retaliation under any available municipal, state or federal law.

49.     Macy's shall publish with the internal complaint procedure the following elements that will be included in the procedure:

a.      A statement it is unacceptable to retaliate against an applicant for employment or employee for using the internal complaint procedure, for assisting in the investigation of a complaint of disability discrimination or retaliation or for otherwise assisting in the utilization of the procedure; and

b.      A statement that if an allegation of disability discrimination or retaliation against a manager or other Macy's associate is substantiated, such conduct may result in appropriate discipline, up to and including discharge.

## VIII.

## REPORTING AND RECORD KEEPING

A.     Reporting and Record Keeping

50.     Document Preservation:  For the duration of the Decree, Macy's agrees to maintain such records as are necessary to demonstrate its compliance with this Decree including, but not limited to, the documents specifically identified below to ensure that the reports submitted under this Decree are complete and accurate.

51.     Initial Reports:  Within one-hundred twenty (120) days of the effective date of this Decree, Macy's shall provide the EEOC with copies of the following:

a.      Its anti-disability discrimination, non-retaliation and reasonable accommodation policies;

b.      Proposed disability discrimination and retaliation training programs for all of its employees as described and required above including the identities of the persons and/or organizations proposed to conduct the training;

c.      Procedure for tracking complaints of disability discrimination and retaliation, identifying the need for reasonable accommodation and processes by which potential accommodations are considered; and

52.     Subsequent Reports:  Every year for the duration of the Decree after the initial report described above has been submitted, Macy's shall provide the EEOC with a report describing the foregoing:

a.      All complaints of disability discrimination, including complaints alleging a failure to honor an ADA reasonable accommodation request, and retaliation for making such a complaint made by any applicant for employment or employee working at any Macy's store in Southern California for the first year of this Decree and in Los Angeles County for the second year of this Decree tracked by date, the identity of the person who processed the complaint and the resolution of the complaint;

b.      All reasonable accommodation inquiries, whether initiated by request of the employee or at the instigation of Macy's, tracked by the date the accommodation inquiry first came to Macy's attention, the identity of the person(s) who explored potential accommodations, all accommodations suggested by the employee, all accommodations considered by Macy's, reasons any potential accommodation was rejected and/or adopted, if any, and the dates of each interaction set forth above at any Southern California store for the first year of this Decree and at any Los Angeles County store for the second year of this Decree;

c.      Training conducted by Macy's on ADA anti-discrimination and anti-retaliation laws and requirements at its Southern California stores for the first year of this Decree and at its Los Angeles County stores for the second year of this decree;

d.      All complaints and non-privileged documents concerning the investigation or resolution of any complaint of disability discrimination or

retaliation at any Macy's store in Southern California for the first year of this Decree and at any Macy's Los Angeles County store for the second year of this Decree generated during the duration of the Decree and the identities of such individuals involved;

e.  Documents verifying the occurrence of all training sessions and the names and positions of all attendees who attended each training session as required under this Decree;

f.  All documents, if any, monitoring what was done, if anything, for repeated or related complaints;

h.  A description detailing any changes in the procedures or record-keeping methods for the divisional tracking of disability discrimination or retaliation complaints and the monitoring of such complaints within any Macy's store in Southern California for the first year of this Decree and within any Macy's Los Angeles County store for the second year of this Decree within thirty (30) days after implementing such changes.

## IX.

## DIVISIONAL MONITORING

53.  During the term of this Decree, Macy's California disability management department (Director-Health, Safety and Disability, Management and Disability Managers) shall:

a.  Develop and distribute where, when and to whom appropriate a list of all known hearing-impaired employees in Southern California;

b.  Assist in providing and arranging for ADA- required reasonable accommodations for such employees and applicants for employment;

c.  Conduct  at least quarterly conference calls with Macy's human resources executives for the purpose of monitoring and ensuring compliance with all of the terms of this Decree; and

d.    Determine the existence of, review, address and retain records concerning all disability discrimination and retaliation complaints and reasonable accommodation requests considered, made and/or pending in such quarter.

## X.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

54.    Macy's shall bear all costs associated with the administration and implementation of its obligations under this Decree.

## XI.

## COSTS AND ATTORNEY'S FEES

55.    Each party shall bear its own costs of suit and attorneys' fees in connection with this matter unless otherwise stated in this Decree.

## XII.

## MISCELLANEOUS PROVISIONS

56.    During the term of this Decree, Macy's shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Macy's facilities or any other material change in corporate structure and shall simultaneously inform the EEOC of same.

57.    During the term of this Decree, Macy's and its successors shall assure each of its officers, managers, supervisory employees, human resources employees and hourly group lead employees is aware of any material term(s) of this Decree which may be related to his/her job duties.

58.    The parties acknowledge Macy's shall not be accused or found to have breached this Decree if it reasonably and in good faith attempts to fully and fairly comply with its obligations and responsibilities under the Decree.

59.   Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the EEOC's Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple St., 4th Floor, Los Angeles, CA 90012.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: May 20, 2008          By:      /s/  Anna Park          .
                                     Anna Park
                                     Lorena Garcia

                                     Attorneys for Plaintiff
                                     Equal Employment Opportunity
                                     Commission

JACKSON LEWIS LLP

Dated: May 19, 2008          By:      /s/ Robert D. Vogel     .
                                     Robert D. Vogel

                                     Attorneys for Defendant
                                     Macy's West, a division of Macy's
                                     Department Stores, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[~~PROPOSE~~D] ORDER

**GOOD CAUSE APPEARING:**

**IT IS ORDERED THAT:**

The court hereby retains jurisdiction and declares that the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.**

Date: May 27, 2008

_____,
The Honorable United States
District Court Judge